UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JANICE K. TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:07-CV-421 |
| | ) (VARLAN/SHIRLEY) |
| CONSOLIDATED PRODUCTS, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on Defendant Consolidated Products, Inc.'s ("CPI's") Motion for Award of Attorneys' Fees and Motion for Costs [Doc. 127] and accompanying Memorandum of Law in Support of Defendant's Motion for Award of Attorneys' Fees and Motion for Costs [Doc. 128]. Plaintiff Janice K. Taylor has filed an Objection to Defendant's Motion for Attorney Fees and Motion for Costs [Doc. 131]. This motion is now ripe for the Court's consideration.

**I.  Background**

In September 2004, CPI retained Ms. Taylor to perform consulting services related to human resources issues [Doc. 108]. In January 2005, Ms. Taylor was offered a position as a full-time human resources manager with CPI [*Id.*]. Ms. Taylor accepted this position [*Id.*]. CPI terminated Ms. Taylor's employment in July 2006, citing a need to reduce overhead expenses [*Id.*].

Ms. Taylor filed a complaint in this Court on November 7, 2007, claiming unlawful discrimination and retaliation under the Americans with Disabilities Act (the "ADA") and Title VII of the Civil Rights Act of 1964 [Doc. 1]. The case went to trial on August 31, 2009 [Doc. 117]. The jury returned a verdict for CPI on September 8, 2009 [Doc. 125]. CPI filed its motion for attorney's fees and costs on September 22, 2009 [Doc. 127]. Ms. Taylor responded to that motion on October 9, 2009 [Doc. 131].

For the reasons that follow, the Court will deny CPI's motion for attorney's fees. The Court will also deny CPI's motion for costs without prejudice, with leave to refile.

**II.    Analysis**

This Court separately considers CPI's request for attorney's fees and its request for costs.

    **A.    Attorney's Fees**

CPI moves this Court, pursuant to 42 U.S.C. §§ 12101 *et seq.*, 42 U.S.C. § 12205, and Federal Rule of Civil Procedure 54(d)(2) for attorney's fees in the amount of $203,218.00 [Doc. 127].[1] CPI argues that it is entitled to attorney's fees because Ms. Taylor's case was "pursued in bad faith," and "was frivolous, unreasonable, and/or without foundation" [Doc. 128]. Ms. Taylor objects, contending that the record offers no support for the argument that her claims were frivolous or unreasonable, and that she "pursued her claims because she sincerely believed that [CPI] had violated her rights under the ADA" [Doc. 131].

---

[1]This figure represents the sum of David W. Tipton's fees, and the collective fee total from Stokes, Williams, Sharp & Davies [*see* Doc. 127].

2

42 U.S.C. § 12205 provides that, "[i]n any action . . . commenced pursuant to [42 U.S.C. §§ 12101 *et seq.*], the court . . . , in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs . . . ." Determining whether an award of attorney's fees is warranted is within the discretion of the trial court. *Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005). A prevailing employer "may be awarded attorneys' fees where the plaintiff's claim was 'frivolous, unreasonable, or without foundation,' or where the plaintiff continued to litigate after it became clear that her claim was frivolous, unreasonable, or without foundation." *Balmer v. HCA, Inc.*, 423 F.3d 606, 615 (6th Cir. 2005) (citing *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 417-18 (1978)).[2] "Courts should not conclude that a claim was groundless," however, "just because it was ultimately unsuccessful." *Balmer*, 423 F.3d at 615 (citing *Christianburg*, 434 U.S. at 417-18)).

Courts should consider the following factors when deciding whether to award attorney's fees: "(1) whether plaintiff presented sufficient evidence to establish a prima facie case; (2) whether defendant offered to settle the case; and (3) whether the trial court

---

[2]*Balmer* involved a gender-based wage discrimination claim brought under Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. §§ 2000e *et seq*. *Balmer*, 423 F.3d at 610. The *Balmer* court's discussion of the attorney's fees issue in that case thus related to 42 U.S.C. § 2000e-5(k), which grants courts the authority to permit a reasonable attorney's fee to the prevailing party in a discrimination suit brought pursuant to Title VII. *Id.* at 615. 42 U.S.C. § 12117 provides that the "powers, remedies, and procedures set forth in section[] . . . 2000e-5 . . . shall be the powers, remedies, and procedures . . . provide[d] to . . . any person alleging discrimination on the basis of disability . . . ." This Court thus adopts the Sixth Circuit's standard for awarding attorney's fees under Title VII, as set forth in *Balmer*, in the present context of disability discrimination under 42 U.S.C. § 12205.

3

dismissed the case prior to trial or held a full-blown trial on the merits." *Balmer*, 423 F.3d at 615-16 (citing *EEOC v. L.B. Foster Co.*, 123 F.3d 746, 751 (3d Cir. 1997)). Defendants may recover fees for frivolous claims only. *Balmer*, 423 F.3d at 616 (citing *Gutierrez v. Denver Post, Inc.*, 691 F.2d 945, 948 (10th Cir. 1982)). The Court considers the parties' arguments in light of these factors.

First, Ms. Taylor presented sufficient evidence to establish a prima facie case. As Ms. Taylor correctly points out, this Court ruled on three separate occasions that Ms. Taylor's claims were sufficient to warrant a jury trial and a verdict in her favor [Doc. 131]. These rulings included the Court's denial of CPI's motion for summary judgment [Doc. 62], and its denial of the directed verdict motions CPI filed at the close of Ms. Taylor's case-in-chief and again after all the evidence was heard in the case [Docs. 120, 122, 124]. The first factor thus weighs heavily in Ms. Taylor's favor.

Second, CPI made no offers to settle the case [Docs. 131, 131-3]. Ms. Taylor, by contrast, made multiple offers to settle the case [Doc. 131-2]. These facts initially seem to favor Ms. Taylor. This Court, however, sees no compelling reason to credit Ms. Taylor for having made settlement offers in the case, or to penalize CPI for failing to make settlement offers, particularly given that the jury ultimately returned a verdict for CPI when the case went to trial. The Court thus finds the second factor not to weigh in favor of either party.

Third, and finally, the Court held a "full-blown trial on the merits" in this case, rather than dismissing the case prior to trial [*see* Docs. 117-26]. As with the Court's denial of CPI's summary judgment motion, the fact that the case proceeded to trial supports the argument

4

that Ms. Taylor's claim, although ultimately unsuccessful, nevertheless had merit. The third factor thus weighs in Ms. Taylor's favor.

The Court's factored analysis demonstrates that Ms. Taylor's case, which consisted of evidence sufficient to establish a prima facie claim, survive a motion for summary judgment, proceed to trial on the merits, and withstand two motions for a directed verdict, was not frivolous, unreasonable, or without foundation. Nevertheless, CPI has advanced two specific arguments that Ms. Taylor's claim was brought in bad faith, and was frivolous, unreasonable, and/or without foundation. The Court considers each of these arguments in turn.

First, as evidence of Ms. Taylor's "bad faith motive" in pursuing her claim, CPI points to the affidavit of Angela Russell, whom Ms. Taylor supervised while Ms. Taylor worked at CPI, and with whom Ms. Taylor spoke after leaving her position of employment with CPI [Doc. 127-3]. Ms. Russell asserted in her affidavit that Ms. Taylor told Ms. Russell, in "somewhat of a laughing manner," that she was pursuing her claim as long as it was on Kirk Icuss's [the President of CPI's] "dime," and because "she knew that it irritated him" [*Id.*]. CPI contends that this statement "shows [Ms. Taylor's] real intent from the outset was to pursue a personal vendetta against [CPI] that would result in large expenditures of money to defend the claim and emotional cost to [CPI's] owners" [Doc. 128].

Ms. Taylor avers in response that she "did not file this lawsuit against [CPI] in order to pursue a personal vendetta against [CPI]," but rather because she "sincerely believed, and continue[s] to believe, that [CPI's] actions against [her] were discriminatory and retaliatory,"

5

and that her "claims had merit, were reasonable, and had a factual and legal basis" [Doc. 131-1]. Ms. Taylor does concede that she "may have told Ms. Russell, in a joking manner, that [the litigation] was probably causing [Mr.] Icuss . . . a lot of aggravation to have to supervise gathering all the information and preserving e-mails," but does "not remember making any comment to Ms. Russell about the case being on Mr. Icuss's 'dime'" [*Id.*].

This Court need not spend much time considering whether Ms. Russell's or Ms. Taylor's account of the telephone conversation between them is closer to the truth, or whether there is even an appreciable difference between the two. Citation to a single ambiguous conversational exchange, the contents of which are open to several plausible interpretations, does not establish bad faith on the part of Ms. Taylor. This is especially so given that Ms. Taylor was able to make out a prima facie case at every stage of the litigation.

Second, as evidence that Ms. Taylor continued to pursue her claim in bad faith, with full knowledge that it was frivolous and unreasonable, CPI points to the fact that Ms. Taylor's case was rejected by ten law firms in the Knoxville area that specialized in ADA litigation [Doc. 128].[3] CPI further notes that Ms. Taylor then pursued her claim pro se "[d]espite being rebuffed by each of these firms" [*Id.*]. Ms. Taylor argues in response that "[n]one of the attorneys [she] spoke with told [her] they did not want to represent [her] because [her] claims lacked merit," and that "some did not hear the facts of [her] case before telling [her] that they were not accepting new cases" [Doc. 131-1]. Ms. Taylor further

---

[3] The one exception on this list was the law office of Jennifer Morton. Ms. Morton took up Ms. Taylor's case after initially rejecting it [Doc. 128].

contends that she "pursued the case even without legal representation because [she] believed [her] case had merit," and because she "had evidence to prove this" [*Id.*].

This Court need not spend much time considering CPI's second contention either. A finding of bad faith, frivolity, or unreasonableness on the basis of this argument would penalize Ms. Taylor for pursuing a claim that was of sufficient merit to survive a motion for summary judgment, proceed to trial on the merits, and withstand multiple motions for a directed verdict at that trial. Such a finding would be particularly unjust where, as in this case, there are few experienced attorneys in the area who would take an ADA case for a plaintiff on a contingency fee basis in the first place [*see* Doc. 131-2]. This Court declines to penalize Ms. Taylor for bringing her case under such a scenario.

Ms. Taylor's claim was not brought in bad faith, nor was it frivolous, unreasonable, and/or without foundation. Accordingly, CPI's motion for attorney's fees will be denied.

**B.    Costs**

CPI also moves for an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54.1. CPI has failed to comply with Local Rule 54.1, however, and it is within the Court's discretion to deny the motion for costs on that basis. *See Deal ex rel. v. Hamilton County Dept. of Educ.*, No. 1:01-cv-295, 2006 WL 2854463, at *22-23 (E.D. Tenn. Aug. 11, 2006) (directing party to file an appropriate bill of costs with the clerk in accordance with Local Rule 54.1). Local Rule 54.1 requires that a Bill of Costs with supporting documentation be submitted to the Clerk of Court within thirty (30) days from the

entry of judgment. CPI has made no such submission.[4] The Local Rule sets out the specific procedures that the claiming attorneys must follow, and the Rule also sets out a specific procedure the opposing attorneys must follow to object to any requested reimbursement by the prevailing party. E.D. TN. LR 54.1. Only after the Clerk of Court has made a final determination of allowable costs pursuant to the Local Rule does the Court, on motion, review any objections to the Clerk's final determination. *Id.*

Accordingly, CPI will be given thirty (30) days from entry of this Memorandum Opinion and Order to seek costs in accordance with Local Rule 54.1. The current request for costs will be denied without prejudice.

## III. Conclusion

For all of the reasons above, CPI's Motion for Award of Attorneys' Fees and Motion for Costs [Doc. 127] is **DENIED** with respect to CPI's motion for attorney's fees, and **DENIED WITHOUT PREJUDICE** with leave to refile with respect to CPI's motion for costs.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE

---

[4] CPI provided a list of "Itemized Expenses with Supporting Documents" as an attachment to its motion for attorney's fees [Doc. 127-1]. CPI also attached an affidavit from Ms. Mary Jo Mann, counsel for CPI, stating that these costs were accurate, and that the services for which such costs were charged were actually performed [Doc. 127-4]. Counsel for Ms. Taylor was served with a copy of these documents along with the underlying motion for attorney's fees [*see* Doc. 127]. Submission of costs in this manner falls short of compliance with Local Rule 54.1.